## ROBERSON v. ROBERSON.

### No: 5910.

Court of Appeal of Louisiana.
Second Circuit.
April 28, 1939.

C. A. Barnett, of Ruston, for appellant.

Scarborough & Barham, of Ruston, for appellee.

DREW, Judge.

J. F. Roberson was indebted to the Dubach State Bank in the sum of $2,000. To secure the payment of this indebtedness, J. F. Roberson deposited with the said bank a $3,000 mortgage note covering 380 acres

of land in Lincoln Parish, Louisiana. The note was signed by J. F. Roberson, dated February 27, 1930, date payable January 1, 1931. It was made payable to "Myself" and endorsed by J. F. Roberson. He was unable to pay his indebtedness to the bank, so with his consent, his son, Rual F. Roberson, took over the indebtedness by paying to the bank the sum of $1297 and executed his personal note to the bank for the balance. The $3,000 mortgage note was left with the bank as security. Agreeable to father and son, the son, Rual F. Roberson, sold the timber on the land covered by the $3,000 note to one Trammell, and as the timber payments were made by agreement to the bank they were applied to the Rual F. Roberson note which had been given for his father's indebtedness until such time as sufficient money had been paid the bank to extinguish and satisfy the note, at which time the $3,000 mortgage note was given to Rual F. Roberson.

He has instituted this suit against his father, J. F. Roberson, to recover the amount of $1297, the sum paid by him on his father's note to the bank, other than the money received from the timber sold. He alleged he was the holder and owner of the $3,000 mortgage note, having purchased it from the Dubach State Bank on January 1, 1931, its due date, for the sum of $1297 paid to said bank on that date. He prayed for judgment for the amount paid by him, with interest at 8% per annum from January 1, 1931, and 10% attorney's fees, and that his special privilege, lien and mortgage under the act of mortgage be recognized and maintained upon the property described in the act and that the property be sold in accordance with law and his claim be paid by preference and priority over all other claims. He attached to his petition a certified copy of the act of mortgage and the note. In the petition, which was filed August 22, 1936, plaintiff alleged that J. F. Roberson made a payment of $10 on the mortgage note on October 18, 1934 and that J. F. Roberson attested to the payment he made by signing his name on the back of the note just below the credit which was placed on the back of the note. The purpose of this allegation being to take the note out of prescription.

Defendant in answer pleaded the prescription of five years. He denied he ever made any payment on the note; that on October 18, 1934, persons unknown to defendant fraudulently wrote on the back of the note "Rec'd on note 10-18-34 $10.00." Under-

neath this notation was signed the name "J. F. Roberson." He denied he signed his name on the back of the note. He alleged that some months later he learned of the transaction and went to one of the directors of said bank and made complaint. That soon thereafter E. B. Tatum, an employee or officer of the bank, came to him while he was getting out timber, brought the note in question, this being May 11, 1936, and explained the embarrassing situation the bank was placed in and fraudulently induced defendant to write his name over the name which had been placed thereon by someone else. He denied a bona fide payment was made on said note and denied that prescription has been interrupted and prayed that the plea be sustained and plaintiff's suit dismissed.

The lower court overruled the plea of prescription and awarded plaintiff judgment as prayed for. Defendant has perfected and now prosecutes this appeal.

Under the pleadings, the only question to be determined is the plea of prescription of five years.

■ Our conclusion as to the facts after a careful study of the record is that the defendant was desirous of keeping the mortgage alive and had instructed the cashier of the bank, Mr. Tatum, not to let the mortgage note prescribe. His reason for wanting to keep the note alive is clear. There was a judgment against him which was inferior in rank to the mortgage and as long as the mortgage note was not prescribed the judgment creditor could not hope to secure satisfaction of his judgment. Mr. Trammell was taking timber from defendant's land and paying for same to the bank, who in turn applied it to the Rual F. Roberson note given for the J. F. Roberson indebtedness. On October 18, 1934, in accordance with defendant's previous requests, Mr. Tatum applied $10 of the timber money to the mortgage note. He also applied the same $10 on the Rual F. Roberson note, for which debt the mortgage note was pledged to secure. Tatum discussed the matter at the time with Rual and Rual signed his father's name under the credit notation. Sometime thereafter Tatum took the note out to J. F. Roberson and explained to him what had been done and why, and then and there J. F. Roberson signed by tracing his name which had been placed there by his son. There is no testimony to show that the defendant was induced to sign other than to ratify what his son and Tatum had done

and to prevent the running of prescription, which the defendant was very much interested in. It is true that defendant says he signed because he thought if he did not that his son might be prosecuted for forgery. He does not claim anyone threatened prosecution. It was an idea originating in defendant's mind. However, whatever his reason was, since he was not induced by fraud, threat or duress of any kind, his act in tracing his name made it his signature and ratified the act of Tatum and his son, the plaintiff herein. The ratification gave legal effect to the credit as of the day it was applied, as shown by the note. It therefore makes no difference whether the ratification took place after prescription would have accrued or before.

Ratification in its usual sense refers to the action of a principal approving the act of another for the principal.

We, therefore, conclude that the payment made on October 18, 1934 interrupted the running of prescription and the plea was correctly overruled below. The judgment of the lower court is therefore affirmed, with costs.